# UNITED STATES BANKRUPTCY COURT

NORTHERN   **DISTRICT OF** ILLINOIS

### EASTERN DIVISION

In re:   KISHAN N. PATEL

§   Case No.   12-48451
§             Hon. PAMELA S. HOLLIS
§             Chapter 7
§
§

Debtor(s)

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter 11  of the United States Bankruptcy Code was filed on 12/11/2012 .   The case was converted to one under Chapter 7 on 08/29/2013 . The undersigned trustee was appointed on 08/29/2013 .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S. C. § 522, or have been or will be abandoned pursuant to 11 U.S. C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                    $47,635.29

Funds were disbursed in the following amounts:

Payments made under an interim distribution _____
Administrative expenses                      _____
Bank Service Fees                            _____
Other payments to creditors                  _____
Non-estate funds paid to 3rd Parties         _____
Exemptions paid to the debtor                _____
Other payments to the debtor                 _____

Leaving a balance on hand of [1]              $47,635.29

The remaining funds are available for distribution.

5.   Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.   The deadline for filing non-governmental claims in this case was 04/11/2014 and the deadline for filing governmental claims was 04/11/2014 .  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.   The Trustee's proposed distribution is attached as **Exhibit D**.

8.   Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $5,513.53 .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $5,513.53 , for a total compensation of $5,513.53 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 , and now requests reimbursement for expenses of $8.08 , for total expenses of $8.08 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 05/29/2014          By:  /s/ ALLAN J. DeMARS
                                   Trustee

**STATEMENT**:  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**UST Form 101-7-TFR (5/1/2011)**

EXHIBIT A, FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

Case No. 12-48451

Case Name: KISHAN N, PATEL

For Period Ending: 3/31/15

Trustee Name: Allan J. DeMars

Date Filed (f) or Converted (c): 8/29/13 (c)

§341(a) Meeting Date: 10/9/13

Claims Bar Date: 4/11/14

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) Ref # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§ 554(a) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | residence at 2761 Manu Ct. Glenview, IL | 327,600.00 | 0.00 | | | FA |
| 2 | cash | 100.00 | 0.00 | | | FA |
| 3 | Chase acct | 0.00 | 0.00 | | | FA |
| 4 | furniture | 2,000.00 | 0.00 | | | FA |
| 5 | wearing apparel | 1,500.00 | 0.00 | | | FA |
| 6 | jewelry | 2,000.00 | 0.00 | | | FA |
| 7 | NY Life Policy | 0.00 | 0.00 | | | FA |
| 8 | IRA/Keogh | 4,000.00 | 0.00 | | | FA |
| 9 | 1000 shares Kishan Patel Ins. Serv. | 1,000.00 | 0.00 | | | FA |
| 10 | 4000 shares Milenium Bancorp | unknown | 0.00 | | | FA |
| 11 | 2008 Acura TSX | 10,000.00 | 0.00 | | | FA |
| 12 | office furn | 500.00 | 0.00 | | | FA |
| 13 | equipment and software | 2,000.00 | 0.00 | | | FA |
| | THE FOLLOWING ASSETS WERE NOT ORIGINALLY SCHEDULED BUT WERE ON AMENDED SCHEDULES | | | | | |
| 14 | NY LIFE POLICY(U) | 9,910.00 | 0.00 | | | FA |
| 15 | NY LIFE POLICY(U) | 12,316.00 | 0.00 | | | FA |
| 16 | NY LIFE POLICY(U) | 14,207.00 | 0.00 | | | FA |
| 17 | King Plaza, Inc.(U) | 0.00 | 0.00 | | | FA |
| 18 | Homewood Hospitality Inc. (U) | 0.00 | 0.00 | | | FA |

| 19 | Shri Krishna Motal(u) | 0.00 | 0.00 | | | FA |
| 20 | Chase Bank- 0460(u) | 23,751.00 | 0.00 | | | FA |
| 21 | Chase Bank- 3606(u) | 6,656.00 | 0.00 | | | FA |
| 22 | ending DIP acct balance (u) | 9,395.63 | 9,395.63 | | 9,395.62 | FA |
| 23 | commissions earned during Chapter 11(u) | 28,280.99 | 28,239.37 | | 28,239.37 | FA |
| 24 | repayment of insider preferences(u) | 10,000.00 | 10,000.00 | | 10,000.00 | FA |
| 25 | interest on invested funds (u) | | 0.29 | | 0.29 | FA |

TOTALS (Excluding unknown values)              47,635.29                    47,635.29

(Total Dollar Amount in Column 6)

Major activities affecting case closing: debtor repaying to the estate the ending funds in the dip acct (ref 22); commissions earned during the chapter 11 and received by debtor post conversion (ref 23) and repayment of payments to family members (ref 24)

ITEMS 1-16 are either exempt or subject to security interests/liens exceeding the values. ITEMS 17-21 subject to liens

Initial Projected Date of Final Report (TFR): ___July, 2014___        Current Projected Date of Final Report (TFR): ___5/29/14___

EXHIBIT A - FORM 2

**CASH RECEIPTS AND DISBURSEMENT RECORDS**

Case No.: _12-48451_  
Case Name: _KISHAN N. PATEL_  
Taxpayer ID#: _xx-xxx6873_  
For Period Ending: _3/31/15_  

Trustee's Name: _Allan J. DeMars_  
Bank Name: _WELLS FARGO_  
Initial CD #: _CDI_  
Blanket bond (per case limit): _5,000,000_  
Separate bond (if applicable): _____  
Checking acct#: _xxxxxx3602_

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Checking acct Balance |
| 3/14/14 | Ref 23 | from debtor | partial turnover of commissions earned during chapter 11 | 1290-000 | 19,635.00 | | 19,635.00 |
| 4/18/14 | Ref 22,23 | from debtor | REF 23: partial turnover of commissions earned in chp 11 ($4,604.37) and REF 22: turnover of dip funds ($9,395.63) | 1290-000 ($4,604.37) 1290-010 ($9,395.63) | 14,000.00 | | 33,635.00 |
| 4/30/14 | Ref 25 | Wells Fargo | interest on invested funds | 1270-000 | 0.11 | | 33,635.11 |
| 5/16/14 | Ref 25 | Wells Fargo | interest on invested funds | 1270-000 | 0.18 | | 33,635.29 |
| 5/19/14 | Ref 23,24 | from debtor | REF 23: balance of commissions earned in Chp 11 ($4,000.00) and REF 24: return of preferences to insiders | 1290-000 ($4,000.00) 1241-000 ($10,000.00) | 14,000.00 | | 47,635.29 |

|  |  |
|---|---|
| COLUMN TOTALS | 47,635.29      47,635.29 |
| Net | 47,635.29      47,635.29 |

|  | NET DEPOSITS | DISBURSEMENTS | BALANCES |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS Checking# xxxxxx3602 | 47,635.29 | | 47,635.29 |
| Net | 47,635.29 | | 47,635.129 |
|  | Excludes account transfers | Excludes payments to debtor | Total Funds on Hand |

## EXHIBIT C: CLAIMS REVIEW ANALYSIS
BAR DATE: April 11, 2014

| CLAIM # | DATE FILED | NAME | AMOUNT | PROPOSED DIST. |
|---|---|---|---|---|
| | | PRIORITY | | |
| 8 | 3/14/14 amended | Gregory K. Stern, PC | 5,976.72 | 5,976.72 |
| 9 | 12/2/13 | US Trustee | 325.00 | 325.00 |
| | | | | |
| | | UNSECURED | | |
| 1 | 12/24/12 | Discover Bank | 3,174.58 | 22.47 |
| 2 | 1/8/13 | JP Morgan Chase | WITHDRAWN | |
| 3 | 3/7/13 | First Secure Bank & Trust | 656,501.93 | 4,645.87 |
| 4 | 5/17/13 | First Secure Bank & Trust | WITHDRAWN | |
| 5 | 2/20/14 amended | United Central Bank | 3,486,978.53 | 24,676.31 |
| 6 | 7/18/13 | CRE Venture 2011-1, LLC as assignee of FDIC | WITHDRAWN | |
| 7 | 1/24/14 amended | National Republic Bank | 913,886.68 | 6,467.31 |
| | | | | |
| | | | 5,066,843.44 | 42,113.68 |
| | | | | |

Exhibit D

## TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 12-48451
Case Name: KISHAN N. PATEL
Trustee Name: ALLAN J. DeMARS

**Balance on hand:**   $47,635.29

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 | $0.00 |

Total to be paid to secured creditors:   $0.00
Remaining balance:   $47,635.29

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| *Trustee, Fees*   ALLAN J. DeMARS | $5,513.53 | $0.00 | $5,513.53 |
| *Trustee, Expenses*   ALLAN J. DeMARS | $8.08 | $0.00 | $8.08 |
| *Attorney for Trustee, Fees* | | | |
| *Attorney for Trustee, Expenses* | | | |
| *Accountant for Trustee, Fees* | | | |
| *Accountant for Trustee, Expenses* | | | |
| *Auctioneer, Fees* | | | |
| *Auctioneer, Expenses* | | | |
| *Charges,*   *U.S. Bankruptcy Court* | | | |
| *Fees, United States Trustee* | $325.00 | $0.00 | $325.00 |
| *Other* | | | |

Total to be paid for chapter 7 administrative expenses :   $5,846.61
Remaining balance:   $41,788.68

**UST Form 101-7-TFR (5/1/2011)**

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| Attorney for Debtor, Fees | GREGORY K. STERN, LLC (CLAIM 8) | $5,942.50 | $0.00 | $5,942.50 |
| Attorney for Debtor, Expenses | GREGORY K. STERN, LLC (CLAIM 8) | $34.22 | $0.00 | $34.22 |
| Attorney for | , Fees | | | |
| Attorney for | , Expenses | | | |
| Accountant for | , Fees | | | |
| Accountant for | , Expenses | | | |
| Other | | | | |

Total to be paid for prior chapter administrative expenses: $5,976.72

Remaining balance: $35,811.96

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____ $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | NONE - CLAIMS 8,9 ARE INCLUDED ABOVE | $0.00 | $0.00 | $0.00 |

Total to be paid for priority claims: $0.00

Remaining balance: $35,811.96

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling _____ $5,060,541.72 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ 0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank | $3,174.58 | $0.00 | $22.47 |
| 3 | First Secure Bank & Trust | $656,501.93 | $0.00 | $4,645.87 |
| 5 | United Central Bank | $3,486,978.53 | $0.00 | $24,676.31 |
| 7 | National Republic Bank | $913,886.68 | $0.00 | $6,467.31 |

Total to be paid for timely general unsecured claims: $35,811.96

Remaining balance: $0.00

Tardily filed claims of general (unsecured) creditors totaling _____ $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be _____ 0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | NONE | | $0.00 | $0.00 | $0.00 |

Total to be paid for tardy general unsecured claims: $0.00

Remaining balance: $0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____ $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be _____ 0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | NONE | | $0.00 | $0.00 | $0.00 |

Total to be paid for subordinated claims: $0.00

Remaining balance: $0.00

**UST Form 101-7-TFR (5/1/2011)**